**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

FERNANDO TORRES-NEGRÓN,
Plaintiff,

v.

ANTONIO L. RIVERA, et al.,
Defendants

Civil No. 02-1728 (HL)
Civil No. 02-1729 (HL)

**OPINION AND ORDER**

Plaintiff Fernando Torres (hereinafter "Torres") brings this action against various co-defendants[1] for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. Plaintiff also seeks relief under Puerto Rico law for infringement of his moral rights and for co-defendant's unjust enrichment. Torres' claims arise out of co-defendants alleged unauthorized use of the lyrics to three songs plaintiff wrote, namely: "Triste Final," "Noche de Fiesta," and "Bebo por Ti". In the amended complaint it is alleged that the defendants "unlawfully and willfully, performed, reproduced, recorded, copied, published and distributed" the lyrics written by Torres, without his authorization, without

---

[1] The defendants in this case are: Antonio L. Rivera-López, Angélica Rivera, and the conjugal partnership constituted by them; Centro Records; Gozadera; Solo Exitos, Inc.; Yesenia Rivera-Matos; Sorymar Rivera-Matos; Luis Rivera Record Distributor, Inc. d/b/a/ Luis Rivera Distributors; CDT Records, Inc. d/b/a Casa de Los Tapes, Inc.; Cruz Manuel Hernández-Santiago, aka Manny Manuel; Musical Productions, Inc.; J&N Records; Sony Discos, Inc. d/b/a Sony Music Distribution; Los Sabrosos del Merengue; Sabrosos Publishing, Inc.; Nota Publishing Inc.; Antonio Moreno; EMI Latin; Luis Rivera-Mejia; Aponte Distributors d/b/a Distribuidora Aponte; HMS Records; SPR, Inc.; Privilege Corp.; Richie Viera; and Henry Rosario.

receiving a license, and without paying him royalties.[2] (See Docket No. 81).

Pending before the Court is Magistrate Judge Justo Arenas's Report and Recommendation (Docket No. 274), granting in part and denying in part the various motions for summary judgment filed by the defendants.[3] In addition, the Magistrate Judge granted in part co-defendants Sony Discos and J&N's joint motion for judgment on the pleadings. (Docket No. 110). The motion filed by plaintiff Torres to exclude the testimony of J&N's designated witness (Docket No. 122) was also denied by the Magistrate Judge in his Report and Recommendation.

Defendants and Plaintiff filed timely objections to the Report and Recommendation (Docket Nos. 289, 293, 297, 298, 301). After a careful review of the record, the Court agrees with most of the conclusions in the Magistrate Judge's Report and Recommendation, and thus adopts **in part** the Magistrate Judge's Report and Recommendation.

### STANDARD OF REVIEW

A district court, may, on its own motion, refer a pending matter to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 72. The losing party may contest the Report and Recommendation by filing written objections within ten days of being served with a copy of the Report and

---

[2] The songs subject to this action are contained in several recordings which were produced and distributed by the defendants. The albums are called: Merenhits 94', Bailando y Gozando con . . .Gozadera, and Manuel y el Trio Borínquen.

[3] Defendants EMI Latin, CDT Records, Sony Discos and J&N filed motions for summary judgment in accordance with this Court's scheduling orders. EMI Latin filed a motion for summary judgment (Docket No. 182), which plaintiff opposed (Docket No. 215). The reply and surreply are filed as Docket Nos. 245 and 252. Defendant CDT Records filed a motion for summary judgment (Docket No. 199), which plaintiff opposed (Docket No. 216). The reply and surreply are filed as Docket Nos. 255 and 259. Co-defendants Sony Discos and J&N filed a joint motion for summary judgment (Docket No. 202), which plaintiff opposed (Docket No. 231). The reply and surreply are filed as Docket Nos. 253 and 264. The aforementioned motions were all referred to Magistrate Judge Arenas and discussed in his Report and Recommendation of November 22, 2004. (Docket No. 274).

Recommendation. The Court must then make a *de novo* determination of those portions of the Report and Recommendation to which an objection is made. The Court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are [waived]." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).

## FACTUAL BACKGROUND

In the amended complaint Torres alleges that he is an artist, author and composer. He is the author of the lyrics to three musical compositions: "Triste Final," "Noche de Fiesta," and "Bebo por Ti." Torres is a member of the American Society of Composers, Authors & Publishers (hereinafter "ASCAP"). "Noche de Fiesta" and "Bebo por Ti" have been registered with the ASCAP since February 4, 1994. "Trite Final," has been registered with the ASCAP since May 17, 1994. Torres claims to be the sole proprietor of all rights, titles, interests and copyrights of the aforementioned musical compositions.

On January 31, 2002, the United States Copyright Office issued Torres a Certificate of Registration No. PAU 2-624-261 for the musical compositions "Triste Final," "Noche de Fiesta" and "Bebo por Ti." On February 14, 2002, Torres filed his application for registration of these songs at the Puerto Rico Intellectual Property Registry.

## ANALYSIS

A. *Torres's Motion to Exclude the testimony of J&N's expert*:

In his Report and Recommendation, the Magistrate Judge denied plaintiff's motion to exclude J&N's designated expert witness, Marti Cuevas. (Docket No. 122). The Federal Magistrates "Act confer[s] explicit authority upon district courts to designate magistrate judges to hear pretrial motions," such as the motion to exclude an expert witness filed by Torres. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1, (1st Cir. 1999); 28 U.S.C. § 636(b)(1)(A). Given that the motion to exclude an expert is within the ambit of section

636(b)(1)(A) and is not is not excepted by said section, the district court can revise it only if "it has been shown that the magistrate's order is clearly erroneous or contrary to law." Id.

Rule 702 of the Federal Rules of Evidence gives district courts broad discretion in determining the qualifications of expert witnesses. The Court needs to determine whether, "given the proffered expert's background, . . . [and] the scientific, technical, [and/]or other specialized knowledge he[/she] offers 'will assist the trier better to understand a fact in issue.'" Gaydar v. Sociedad Insitituto Gineco-Quirurgico y Planificacion Familiar, 345 F.3d 15, 24 (1st Cir. 2003)(citing United States v. Alzanki, 54 F.3d 994, 1005 (1st Cir. 1995)). The Magistrate Judge carefully reviewed the qualifications of Marti Cuevas, in particular her experience in the music industry, and concluded not only that she had the qualifications to testify as an expert, but most importantly, that her testimony would assist the trier of fact in determining the issue of damages for copyright infringement. The Magistrate Judge further concluded, and the Court agrees, that the fact that Cuevas might be also called to testify as a fact witness does not necessarily disqualify her proffered testimony as an expert witness. See e.g., United States v. Rivera-Rosario, 300 F.3d 1, 17-18 (1st Cir. 2002)(discussing that the district court did not err by qualifying a witness as an expert, even when he also testified as a fact witness); see also, United States of America v. Ayala-Pizarro, 2005 WL 1119755 (1st Cir. May 12, 2005)(stating that the same witness may be qualified to testify both as a lay witness and as an expert witness).

In view of the aforementioned, the Court hereby affirms the Magistrate Judge's conclusion to deny Torres's motion to exclude J&N's proposed expert witness (Docket No. 122), because it can not be said that his ruling is clearly erroneous or contrary to law.

**B.  Sony Discos and J&N's Joint Motion for Judgment on the Pleadings**:

*1. Preemption of Unjust Enrichment claim under Puerto Rico law*

In his Report and Recommendation the Magistrate Judge found that Torres' claim for unjust enrichment under Puerto Rico law is preempted by 17 U.S.C. § 301(a). Specifically, the Magistrate Judge concluded that plaintiff Torres failed to distinguish the underlying

factual predicate of the copyright infringement claim from that of the Puerto Rico law claim for unjust enrichment. Plaintiff Torres did not file objections as to this particular issue. In fact, a careful review of the record, and of the applicable law dealing with preemption in the area of copyright infringement, supports the Magistrate Judge's conclusion that Torres's state law claim of unjust enrichment is preempted by the Copyright Act. See e.g., Alvarez Guedes v. Marcano Martinez, 131 F.Supp.2d 272, 279-80 (D.P.R. 2001)(finding that an unjust enrichment claim under Puerto Rico law is preempted by the Copyright Act where the state law cause of action is equivalent in substance to a copyright infringement claim). See also, John G. Danielson, Inc. V. Winchester-Conant Properties, Inc., 322 F.3d 26, 45 (1st Cir. 2003)(holding that a state law claim for unfair competition was preempted by the Copyright Act where both claims were based on the same behavior); Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F.Supp.2d 552, 567-68 (D.N.J. 2002)(stating that unjust enrichment claims relating to the use of copyrighted materials are generally preempted).

The Court agrees with the Magistrate Judge's conclusion that plaintiff Torres' claim for unjust enrichment under Puerto Rico law is preempted by the Copyright Act, and therefore adopts and approves the Magistrate Judge's Report and Recommendation on this particular issue. Sony Discos and J&N's motion for judgment on the pleadings will be granted in part, and Torres' **state law claim for unjust enrichment will be dismissed**.

Co-defendants CDT and EMI Latin in their motions for summary judgment also assert preemption on Torres' unjust enrichment claim. Consequently, Torres' claims for unjust enrichment are hereby dismissed as preempted by the Federal Copyright Act.

*2. Statutory Damages and Attorney's Fees*

Magistrate Judge Arenas conclude that Torres was precluded from recovering an award of statutory damages and attorney's fees under 17 U.S.C. § 412. Section 412(1) of the Copyright Act limits the scope of damages awards for copyright infringement violations "by providing that 'no award of statutory damages or of attorney's fees . . ., shall be made . . .[if] infringement of copyright in an unpublished work commenced before the effective date of its

1  registration.'" Johnson v. Jones, 149 F.3d 494, 504-05 (6th Cir. 1998)(citing 17 U.S.C. §

2  412(1)); Gamma Audio & Video, Inc. v. Ean-Chea, 11 F.3d 1106, 1111 n. 3 (1st Cir. 1993).

3  See also, Cornerstone Home Builders, Inc. v. McAllister, III, 311 F.Supp.2d 1351 (M.D.

4  Florida 2004)( finding that the commencement of infringement prior to registration of

5  copyright precluded an award of fees or statutory damages); Melville B. Nimmer and Davis

6  Nimmer, 2 *Nimmer on Copyright*, § 7.16[C](1).

7  Therefore, it follows that in order for a copyright owner, such as Torres, to be entitled

8  to recover statutory damages and/or attorney's fees, the lyrics to the songs in question must

9  have been registered prior to the commencement of the infringement for which such remedies

10 are sought. It is undisputed that Torres registered the lyrics of the songs "Triste Final,"

11 "Noche de Fiesta," and "Bebo por Ti" on January 31, 2002. The record further shows that

12 the alleged infringements commenced way before the registration date of January 31, 2002.[4]

13 Torres argues that he should be able to recover statutory damages and attorneys fees

14 for each infringement action occurring after the January 31, 2002 registration date.[5] The

15 Court disagrees. As the Magistrate Judge correctly stated in his Report and Recommendation,

16 courts that have considered this question have stated that for purposes of section 412 and

17 infringement "'commences' . . . when the first act in a series of acts constituting continuing

18 infringement occurs." Johnson v. Jones, 149 F.3d at 506 (citations omitted). See e.g., Mason

19 v. Montgomery Data, Inc., 976 F.2d 135, 143 (5th Cir. 1992); Cordon Holding C.B. v.

20 Northwest Publishing Corporation, 2005 WL 589405 *8 (S.D.N.Y. March 11, 2005);

21 Fournier v. Erickson, 202 F.Supp.2d 290 (S.D.N.Y. 2002); Ushodaya Enterprises, Ltd. v.

---

[4] For example, the record shows that J&N manufactured and distributed a recording entitled Merenhits 94 containing a composition entitled "Noche de Fiesta" allegedly written by Torres through EMI-Latin between March 1994 and April 1997, and thereafter in a re-release through Sony Discos between May 1999 and February 2001. (See Docket 200, Exhibits B, C, E; Declaration of Marti Cuevas).

[5] Torres has set forth some proof that the recording of Merenhits 94' was still available to the public at least until February of 2004 through the internet. ( See Docket No. 232, Exhibit I).

Case 3:02-cv-01728-HL   Document 336   Filed 05/18/05   Page 7 of 13

7

V.R.S. International, Inc., 64 F.Supp.2d 352, 353 (S.D.N.Y. 1999); Innovative Networks, Inc. v. Young, 978 F.Supp. 167, 175 (S.D.N.Y. 1997).

In view of the aforementioned, the Court agrees with the Magistrate Judge's conclusion that section 412 precludes Torres from recovering statutory damages and attorneys fees, since the alleged infringements occurred prior to the date in which the lyrics to the songs were registered. Thus the Court hereby adopts and approves the Magistrate Judge's Report and Recommendation on this particular issue.

Given that co-defendant CDT also addressed the issue of statutory damages and attorneys fees in its motion for summary judgment, the same is granted on this issue.

*3. Moral Rights violations under Foreign Law*

In his amended complaint Torres includes a generalized allegation for a violation of his moral rights as an author under the laws of all the countries in which the albums subject to this dispute were distributed. In his Report and Recommendation, Magistrate Judge Arenas concluded that Torres's claim for violation of his moral rights pursuant to the laws of other countries should be dismissed, given that the record shows that the albums subject to this dispute were distributed in the United States and Puerto Rico.

The Court agrees. In his objections to the Magistrate Judge's Report and Recommendation, Torres re-hashes the same arguments made in the opposition to Sony Discos and J&N's motion for judgment on the pleadings pertaining to this particular issue. Even at this advanced stage of the litigation, there is nothing on the record that suggests that these recordings were distributed outside the United States and Puerto Rico. Further, Torres has not made any reference to any particular foreign law and/or treatise. Therefore, all of Torres' claims based on alleged violations of his moral rights based on the laws of other countries are hereby dismissed.

**C.  *Motions for Summary Judgment***

*1. Copyright Registration- Sony and J&N*

In their motion for summary judgment Sony Discos and J&N argue that Torres's copyrights infringement claim must be dismissed as a matter of law because he lacks a valid copyright registration for the compositions at issue.  Specifically, defendants allege that Torres has failed to comply with one of the requirements of copyright registration, namely the requirement to include a copy of the work.  See 17 U.S.C. § 408(b).

The Copyright Act requires that a copy or copies of the work sought to be registered be deposited as part of the application process.  Id.  The cases that have interpreted section 408(b) of the Copyright Act have found that copies, as defined in the statute, do not include subsequent "reconstructions" of the work.  See, e.g., Coles v. Wonder, 283 F.3d 798, 801-02 (6th Cir. 2002)(exact copy of earlier work that was reconstituted from memory was insufficient to satisfy the requirement that a copy directly refer to the original); Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211-12 (9th Cir 1998)(artist's reconstruction of cartoon characters from memory did not satisfy copyright registration requirement); Seiler v. Lucasfilm, Ltd., 808 F.2d 1316 (9th Cir. 1987)(stating that for purposes of certainty in obtaining copyright registration, reproductions from memory are simply insufficient). Nonetheless, copies may be produced by directly referring to the original. Shady Records, Inc. v. Source Enterprises, Inc., 2005 WL 14920 * 14 (S.D.N.Y. 2005)(discussing the relevant case law and concluding that even though reconstruction from memory is not permitted, reconstruction when directly referring the original satisfies the statutory requirement).

Defendants maintain that Torres admitted in his deposition that the copies he deposited with his copyright registration form were reconstructed from memory. (See Docket No. 200, Exhibit G, pgs. 37, 47, 55, 57-58; Exhibit H, pgs. 36, 44, 47-48, 59, 60-61, 97; Exhibit I, pgs. 115-118).  Plaintiff, on the other hand, argues that at the time he wrote the lyrics in 1994, he transcribed the words of the songs in question into handwritten form, and that later he transcribed the words into a computer by referring to the handwritten paper. (Docket No. 232, Plaintiff's statement under penalty of perjury, ¶32.)

Unlike the Magistrate Judge, the Court finds that at the very least there is a factual controversy regarding the validity of Torres' copyright registration, i.e, whether the copies submitted with Torres' registration application qualify as bona fide copies of the original work. In addition, and in accordance with the Magistrate Judge's conclusion, the Court finds that at this stage, the purpose of the Copyright Act would be frustrated by summarily denying protection to Torres for an alleged immaterial error in the deposit requirement of section 408(b). See e.g., Data Gen. v. Grumman Sys. Support, 36 F.3d 1147, 1163 (1st Cir. 1994). In view of the aforementioned, and the fact that this issue appears to be one of first impression in our circuit, the Court will deny Sony Discos and J&N's motion for summary judgment based on Torres' alleged invalid registration.

*2. Statute of Limitations*

All the defendants argue that Torres' copyright infringement claims are time-barred by the three-year statute of limitations. Specifically, defendants assert that Torres' copyright claims accrued more than three years before the present lawsuit was filed in May of 2002. It is not surprising that all the defendants raise this particular issue in their respective motions, given that Torres wrote the lyrics to the songs relative to this complaint sometime in 1993, and did not file this copyright infringement claim until May of 2002. (See Docket No. 182, EMI Latin's motion for summary judgment; Docket No. 199, CDT's motion for summary judgment; Docket No. 202, Sony Discos and J&N's motion for summary judgment). Nevertheless, Torres asserts that he acquired knowledge of the alleged copyright infringements shortly before filing his original complaint in May of 2002, and the amended complaint in July of 2003.[6]

---

[6] The defendants make reference to different facts and dates in support of their argument that Torres' claims are time-barred by the three-year statute of limitations, given that each recording was distributed during different years. The Report and Recommendation discusses these particular factual differences and the Court sees no need to recount the same in this opinion. (See Report and Recommendation, Docket No. 274, pgs. 27-30, detailing the facts pertaining to defendant EMI Latin, pgs. 34-35; detailing facts pertaining to defendant CDT

10

The applicable statute of limitations is found in section 507(b) of the Copyright Act which states that civil actions for copyright infringement must be "commenced within three years after the claim accrued." Napster, Inc. v. Hummer Winblad Ventures Partners, 2005 WL 289977 (N.D. Cal 2005)(citing 17 U.S.C. § 507(b)). A cause of action for copyright infringement "accrues when a plaintiff, [such as Torres], knows of the infringement or is chargeable with such knowledge." Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir 2004)(citing Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994)). In fact, "section 507(b) permits damages occurring outside of the three-year window, so long as the copyright owner did not discover –and reasonably could have discovered– the infringement before the commencement of the three-year limitation period." Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004).

The Magistrate Judge concluded that it was inappropriate to grant summary judgment as to the issue of whether Torres' claims were barred by the statute of limitations. The Court agrees. The inquiry of whether or not a plaintiff should have known about the infringement prior to the three years, thus barring him from bringing the copyright action, is a fact sensitive question, which should be decided by the fact finder, and not via summary judgment. In view of the aforementioned, the Court hereby adopts and approves the Magistrate Judge's Report and Recommendation as to this particular issue.[7]

*3. Registration Requirements under Local Law - Moral Rights*

The Magistrate Judge concluded that Torres cannot recover damages for the alleged infringement of his moral rights under Puerto Rico law given that he did not register the lyrics to the songs subject to this complaint in the Intellectual Property Registry of Puerto Rico until

---

Records, pg. 48; detailing facts pertaining to defendants Sony Discos and J&N).

[7] Given that the Court finds that the issue of whether or not Torres' copyright claim is time-barred is better suited for the fact-finder, the Court, like the Magistrate Judge, will not address Torres' alternative argument –namely, that there was tolling due to fraudulent concealment on the part of Sony Discos and J&N.

February 14, 2002. The Court disagrees.

Puerto Rico's Intellectual Property Act provides in relevant part that: "In order to enjoy the benefits of this chapter, it is necessary to have registered the rights and works that support it in the Copyright Registry. . ." 31 P.R. Laws Ann. § 1402d (1998)[8]. The Puerto Rico Supreme Court has stated that in order to enjoy the benefits of Puerto Rico's Intellectual Property law, a person must register the right in the Intellectual Property Registry. Harguindy Ferrer v. UI, 148 D.P.R. 13, 30 (1999). However, the courts appear to make an exception to the aforementioned general rule in cases involving disputes relative to the authorship of a particular work. Id. at 31; see also Jiménez Hernández v. Vibración Musical, Inc., 2001 WL 1758094 at *4 (P. R. Ct. App. Nov. 14, 2001).

Unlike the Magistrate Judge, the Court finds that authorship is an issue in this particular case, and therefore Torres is exempt from the registration requirements contained in section 1402d of the local laws dealing with copyright infringement. There is evidence on the record that several of the albums in question credit other individuals as the authors and/or composer of Torres' songs. (See e.g., Docket No. 238, Exhibit E, J&N and Sony Discos' re-release of Merenhits 94' credits La Gozadera for the song "Noche de Fiesta;" Exhibit F, Que Siga El Party credits Antonio Rivera for the song "Triste Final"). The summary judgment record, however, is not entirely clear as to which albums erroneously misrepresented the author of the songs in question. In fact, there are several albums which do credit Torres as the songs' author/composer. (See Docket No. 238, Exhibit I, Bailando y Gozando con . . .Gozadera, referring to Torres as the author of the songs "Noche de Fiesta" and "Bebo por Ti"). In view of the aforementioned, the Court will allow Torres to bring forth moral rights violation claims only as to the records in which his songs were erroneously attributed to someone else.

---

[8] The Spanish version of this statutory provision is contained in 31 L.P.R.A. § 1402d (2004).

*4. The Implied License and the Alleged Distribution Agreement with co-defendant Antonio Rivera*

These two issues merit little discussion. The Court agrees with the Magistrate Judge's conclusion that defendant CDT Records failed to meet its burden of proving the existence of an implied non-exclusive license as an affirmative defense to Torres' copyright infringement claim. Summary judgment is not appropriate given the conflicting evidence as to whether or not Torres received and cashed checks that CDT claims to have issued to him as royalties.

The Court agrees with the Magistrate Judge's conclusion that the existence of an alleged distribution agreement between co-defendants CDT and Antonio Rivera, does not warrant the entry of summary judgment against Torres for the alleged copyright infringement claims against CDT. In fact, after the Magistrate Judge issued his Report and Recommendation, CDT filed a motion which is pending before this Court, for leave to file a cross party complaint against Antonio Rivera and Centro Records. (Docket No. 281).

## **CONCLUSION**

In view of the aforementioned, the Court hereby **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation. (Docket No. 274).

Sony Discos and J&N's motion for judgment on the pleadings (Docket No. 110) is hereby **GRANTED in part and DENIED in part.** EMI Latin's motion for summary judgment (Docket No. 182) is **GRANTED in part and DENIED in part**. CDT Records' motion for summary judgment (Docket No. 199) is **GRANTED in part and DENIED in part**. Sony Discos and J&N's motion for summary judgment (Docket No. 202) is **GRANTED in part and DENIED in part.**

Torres' claims for unjust enrichment are hereby **DISMISSED** as they are preempted by the Federal Copyright Act. Torres' claims pursuant to the moral rights violation laws of other countries are also **DISMISSED**. The Court further finds that Torres is precluded from recovering statutory damages and/or attorney's fees under section 412 of the Copyright Act. 17 U.S.C. § 412 (2004).

Unlike the Magistrate Judge, the Court concludes that Torres may bring his Puerto Rico moral rights violation claim, but only in those instances where Torres' authorship is an issue.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 18th day of May 2005.

S/ HECTOR M. LAFFITTE
U.S. District Judge
