# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

FERNANDO TORRES-NEGRON,
 Plaintiff

v.

ANTONIO L. RIVERA, et al.,
 Defendants

Civ. No. 02-1728 (HL)
Civ. No. 02-1729 (HL)

## OPINION AND ORDER

Defendants Sony Discos Inc. ("Discos") and J&N Records ("J&N") (hereinafter "Defendants") have filed a Motion in Limine to Dismiss the Complaint and for Reargument requesting, inter alia, that the Court revisit its May 18, 2005 Opinion and Order (Docket No. 274) in order to reconsider the statute of limitations governing Plaintiff Fernando Torres's ("Plaintiff") moral rights claims.  After further research and careful consideration, the Court has decided to revisit the limitations question, though it otherwise reaffirms its Opinion and Order (Docket No. 336) adopting the Magistrate Judge's Report and Recommendation.  For the reasons stated below, the Court holds that the statute of limitations period for Plaintiff's moral rights claims is one year.

The question as to the appropriate statute of limitations period for moral rights claims brought under Puerto Rico's copyright act is one of first impression.  Where a federal court must interpret an area of unsettled state law, its task is to forecast how the highest court of that state would decide the issue.  Warren Brothers Co. v. Cardi Corp., 471 F.2d 1304, 1307 (1st Cir. 1973); McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 662 (3d Cir. 1980).  The Supreme Court of Puerto Rico has held that when deciding on issues of first impression sounding in tort, as is the case here, the courts of Puerto Rico should look to the Civil Code of Puerto Rico, and not the common law of the United States.

2

 Valle v. American International Insurance Co., 108 P.R. Offic. Trans. 735, 736-38 (P.R. 1979) (Trias-Monge, C.J.).

The statute applicable to Plaintiff's moral rights claims is Puerto Rico's copyright act, which is codified in articles 359a et seq. of the Civil Code, Intellectual Property Act of July 15, 1988,  31 L.P.R.A. §§ 1401 et seq.  (Equity 1993 & Supp. 2004) ("Intellectual Property Act").  The Intellectual Property Act grants the author or beneficiary of a literary, scientific, artistic and/or musical work:

> [T]he exclusive prerogatives to attribute to him/herself or retract its authorship, dispose of his/her work, authorize its publication and protect its integrity, in accordance with the special laws in effect on the matter.

Id. at § 1401.  As opposed to the protections of the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. ("Copyright Act"), which only provides relief for damages that are economic in nature, see id. at §§ 502-13, Puerto Rico's Intellectual Property Act protects against harm to an author's dignity and person that ensues from an infringement of an author's work, see Ossorio Ruiz v. Secretary of Housing, 106 P.R. Offic. Trans. 65, 72-76 (P.R. 1977) (Trias-Monge, C.J.) (explaining the concept of "moral rights" with respect to copyright claims).  The Intellectual Property Act's protection of moral rights is contained in section 1401a, which states: "Moral law allows whoever creates a work to enjoy the benefits of its authorship, as established in § 1401 of this title."  31 L.P.R.A. § 1401a.

The Intellectual Property Act is silent, however, as to the statute of limitations for such claims.  The magistrate judge, in his November 11, 2004 Report and Recommendation (Docket No. 274), found that the applicable limitations period was three years based upon 31 L.P.R.A. § 1401g, which states: "The actions provided in section 1401h of this title prescribe three (3) years after each violation became known."  As is abundantly clear from the aforementioned text of section 1401g, this limitations provision applies only to actions brought under section 1401h, which only addresses claims for recovery of five percent of any appreciation in the value of an artist's work upon resale, and states, in pertinent part:

> Any person who creates a work of art is entitled to receive five (5) percent of the increase in the value of said work at the moment it is resold . . . .

31 L.P.R.A. § 1401g.  There are no other provisions in sections 1401 through 1402 of the Intellectual Property Act that prescribe a limitations period.

The structure of the Intellectual Property Act, basic canons of construction, and the statutory context of the Intellectual Property Act within the framework of the Puerto Rico Civil Code make it pellucid that the legislature did not intend to extend the three year statute of limitations to moral rights actions.  First, the legislature not only explicitly confined the three year period to an artist's claims for five percent of the resale value of his work, it also included this limitations period at the very end of the Civil Code's chapter on intellectual property so as to ensure that no reader would be confused into thinking the limitations provision applied to the earlier section on moral rights.  The moral rights cause of action is contained towards the very beginning, in section 1401a, while it is not until several sections later, in section 1401g, that the code states the limitations period relevant to the five percent right.  Arguing that the legislature intended for the three year period to apply to moral rights claims ignores the structural sense of the statute.   Second, under the basic canon of statutory construction inclusio unius est exclusio alterius, the express inclusion of a term in only one place implies its exclusion in others.  Had the legislature wanted the limitations period to apply to the other actions set forth in the Intellectual Property Act, it would not have confined the provision to claims brought under section 1401h but would have instead expressed its applicability to the other sections.

Third, the framework of the Puerto Rico's Civil Code militates in favor of a one year statute of limitations period.  The concept of intellectual property contained in the Civil Code comprises two categories of rights:  those that are "patrimonial" (i.e., pecuniary or economic) in nature and those that are "extra-patrimonial" and deal with the protection of an author's honor, integrity, and person.  See Ossorio, 106 P.R. Offic. Trans. at 69; Pancorbo v. Wometco, 115 P.R. Offic. Trans. 650, 657 (P.R. 1984).  When the legislature promulgated the Intellectual Property Act in 1988 and integrated it into the Civil Code, it did so within the context of these patrimonial and extra-patrimonial rights.  The extra-patrimonial rights were embodied within the "moral rights" provision contained in section 1401a.  See Pancorbo, 115 P.R. Offic. Trans. at 657.  In situations such as these, where a

4

statute is silent as to the limitations period, the Supreme Court has stated that it is necessary to look at the entire statutory scheme of the Civil Code and to take the missing provision from the most analogous statute.  See Valle v. American International Insurance Co., 108 P.R. Offic. Trans. 735, 736-38 (P.R. 1979) (Trias-Monge, C.J.); Andres Olmo v. Young & Rubicam of Puerto Rico, 110 P.R. Offic. Trans. 965, 972 (P.R. 1981) (stating, "[i]nasmuch as the statute does not provide a period of limitation, we should resort to the most analogous term . . . .").  Because Plaintiff is seeking relief that is extra-patrimonial in nature, it only makes sense within the statutory framework of that act and the Civil Code to borrow a provision from a statutory section that provides for extra-patrimonial damages based on moral rights violations.  In order to understand how the Supreme Court would go about finding an analogous statute, it is useful to look at the facts from Olmo.  The appellant there alleged that he was fired on the basis of racial discrimination and brought a claim under the Puerto Rico Civil Rights Act and article 2, Act No. 100 of June 30, 1959, 29 L.P.R.A. § 146, which provides for civil damages where an employee is discharged on the basis of race.  Id. at 967-68.  Because neither of these statutes provided a statute of limitations, appellant argued that the Court should apply the three year period from the Minimum Wage Act, which he claimed was the most analogous statute.  Id. at 968-69.  The Court disagreed and applied the one year term from the Civil Code's general tort provision contained in article 1868, 31 L.P.R.A. § 5289, because the Minimum Wage Act only permitted a recovery of wages and did not provide for a claim for tort damages based on discrimination. See id. at 969-73.

Plaintiff's moral rights claims most closely fit under article 1802 of the Civil Code, 31 L.P.R.A. § 5141, which addresses general tort claims based on fault[1] and negligence and has been held to include the right to bring a claim for moral rights violations, see First

---

[1]  The concept of "fault" is very broad and encompasses any misdeed of any person which results in harm or damage, see Bonilla v. Chardón, 118 D.P.R. 599 (P.R. 1987), including intentional torts, Barretto Peat, Inc. v. Luis Ayala Colon Sucrs., Inc., 896 F.2d 656, 657 (1st Cir. 1990).

5

National City Bank of New York v. Gonzalez, 293 F.2d 919, 921 (1st Cir. 1961) (holding that § 5141 includes "the right to claim damages for 'humiliations and mental sufferings, independent of the existence of physical damages . . . .'") (quoting Muriel v. Suazo, 72 P.R.R. 348, 352 (1951)).  This general torts section provides for a one year statute of limitations.[2]  Plaintiff here has a similar claim to that of the appellant in Olmo.  Like the appellant there, who had brought a tort claim for extra-patrimonial damages that went beyond simply a demand for wages, Olmo, 110 P.R. Offic. Trans. 967-68, the appellant here is bringing torts claims for moral rights damages, which go beyond merely seeking recovery for actual damages resulting from the alleged infringement of his copyrights.  Furthermore, there are sound policy reasons for a one year statute of limitations.  The Supreme Court of Puerto Rico explained that a one year limitations period is most appropriate with respect to claims such as Plaintiff's which sound in tort because of, inter alia, the need to prevent any confusion as to issues of liability and the calculation of damages that may arise through the passage of time, the fact that evidence is often ephemeral and may disappear quickly, and the vital public interest that these facts be duly and rapidly aired in the furtherance of the collective well-being.  Olmo, P.R. Offic. Trans. at 973-74.

In view of the aforementioned, Defendants' Motion is hereby **GRANTED in part and DENIED in part**.  The court holds that the applicable statute of limitations period for Plaintiff's moral rights claims brought under Puerto Rico law is one year.  The Court denies the relief requested in the remainder of Defendants' Motion.

---

[2]  The limitations period applicable to section 5141 is set forth in section 5298, which states, in pertinent part:

> The following actions prescribe in one (1) year:
> . . . .
> (2) Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof.

31 L.P.R.A. § 5298.

6

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 27, 2006.

S/ HECTOR M. LAFFITTE
U.S. District Judge