**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FERNANDO TORRES-NEGRON, <br> Plaintiff <br><br> v. <br><br> ANTONIO L. RIVERA, et al., <br> Defendants | Civ. No. 02-1728 (HL) <br> Civ. No. 02-1729 (HL) |

**AMENDED OPINION AND ORDER**

Defendant Sony BMG Music Entertainment US Latin LLC ("Sony") has filed a Supplemental Motion for Summary Judgment and Memorandum of Law in Support Thereof ("Motion") requesting, inter alia, that the Court dismiss Plaintiff Fernando Torres-Negrón ("Plaintiff") claims for moral rights damages on the basis that Plaintiff has failed to proffer any evidence that Sony has distributed any albums in Puerto Rico containing versions of Plaintiff's songs "Triste Final"and "Noche de Fiesta." (See Docket No. 410.) For the reasons stated below, the Court dismisses Plaintiff's moral rights claims against Sony and holds that the moral rights provisions of the Intellectual Property Act of July 15, 1988,  31 L.P.R.A. §§ 1401 et seq. (Equity 1993 & Supp. 2004) ("Intellectual Property Act"), do not apply extraterritorially to conduct occurring entirely outside of Puerto Rico.

Puerto Rico has approved the "dominant or significant contacts" test in resolving choice of law questions with respect to contract and tort actions. New Ponce Shopping Center, S.E. v. Integrand Assurance Co., 86 F.3d 265, 267 (1st Cir. 1996). The Supreme Court of Puerto Rico has also held that the Constitution and the laws of Puerto Rico do not apply extraterritorially unless the legislature indicates otherwise. Green Giant Co. and Saint Paul Fire and Marine Insurance Co. v. Superior Court, 104 P.R. Offic. Trans. 682, 691-92 (P.R. 1975).

2

In Green Giant, several migrant workers brought claims against Green Giant Co. arising out of employment contracts they had signed in Puerto Rico for the years 1972 and 1973. Id. at 685-86. Although Green Giant recruited the workers in Puerto Rico, all the services were performed in the states of Delaware and Maryland. Id. at 685-86, 694. The workers claimed that they were entitled to overtime pay pursuant to Act No. 379 of May 15, 1948, 29 L.P.R.A. § 274 et seq., which establishes the regular working day in Puerto Rico, and Act No. 87 of June 22, 1962, 29 L.P.R.A. § 526 et seq., which governs the contracting of Puerto Rican workers who render services outside of Puerto Rico. Id.

The Court found no evidence either in the text of the statutes nor in their legislative histories indicating that the legislature intended for the benefits outlined in Act No. 379 of May 15, 1948 to apply extraterritorially to workers who performed all their work outside of Puerto Rico. Id. at 688-92. Finding no indication that the legislature intended for the statute to apply extraterritorially, the Court undertook a "dominant links and contacts" analysis. Id. The Court stated that its job was not simply to look at the number of contacts that the forum state and foreign state had with respect to the issue, but was instead to look at the quality of the contacts. Id. In undertaking this analytical process, the Court turned to general principles espoused in the Restatement (Second) of Conflict of Laws. Id. at 695. The Court made sure to point out that the principles formulated in the restatement may vary in relative importance depending on the nature of the case and the controversy in question. Id. at 695-96. The Court determined that in the service contract context, like in the case that was before the Court, the most significant contact in determining the law applicable to overtime compensation was the site where the services were to be performed. Id. On this basis, it determined that the Puerto Rico statutes regulating contracts and wages were not applicable. Id. at 697.

The case at bar implicates the moral rights provisions of the Intellectual Property Act, 31 L.P.R.A. §§ 1401 et seq. First, the Court must look at the statute to determine if there is any indication that the legislature intended it to apply to acts occurring entirely outside Puerto Rico; if the answer to this question is no, the Court must then apply the dominant contacts test. As to the first question: the legislature has made no indication

whatsoever that the moral rights provisions of Intellectual Property Act, are to be applied extraterritorially to activities of an alleged tortfeasor who reproduces an author's work outside of Puerto Rico.

Thus, the Court must apply a dominant contacts analysis. As was the case when the Supreme Court of Puerto Rico applied its analysis in Green Giant, it is useful for the Court in this case to look to the Restatement (Second) of Conflict of Laws (2005) ("Restatement"), for guidance. With respect to torts in general, the Restatement indicates that the following contacts are to be taken into account in determining whether to apply the law of a particular forum:

> (1) the place where the injury occurred;
>
> (2) the place where the conduct causing the injury occurred,
>
> (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (4) the place where the relationship, if any, between the parties is centered.

Id. § 145. The case at bar deals with moral rights, which seek recovery for, inter alia, mental and emotional suffering, humiliation, and damage to reputation. See First National City Bank of New York, 293 F.2d, 919, 921 (1st Cir. 1961) (citing Muriel v. Suazo, 72 P.R.R., 348, 352 (1951); Rivera v. Rossi, 64 P.R.R. 683 (1945)). Although the Restatement does not expressly address moral rights, it prescribes that the place where the conduct causing the injury occurred is the predominant factor with respect to torts that are most analogous to moral rights claims, including: misappropriation of trade values, defamation, and false advertising. See Restatement § 149, 145 cmt. f. Therefore, because the conduct at issue took place outside of Puerto Rico, Puerto Rico law does not apply.

In view of the aforementioned, Defendant's Motion is hereby **GRANTED** with respect to dismissal of Plaintiff's moral rights claims based on albums that were distributed entirely outside of Puerto Rico. The Court holds that the moral rights provisions contained in the Intellectual Property Act, 31 L.P.R.A. §§ 1401 et seq, do not apply extraterritorially to Sony's distribution of albums entirely outside of Puerto Rico.

4

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 2, 2006.

                                                S/ HECTOR M. LAFFITTE
                                                U.S. District Judge